# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** NFI NATIONAL DISTRIBUTION CENTER,
*(AVISO AL DEMANDADO):* and DOES 1-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

DEC 21 2012

BY _____
CESAR R. LEPE, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** OMAR ORELLANA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN BERNARDINO COUNTY SUPERIOR COURT
8303 Haven Avenue
Rancho Cucamonga, CA 91730

CASE NUMBER:
*(Número del Caso):* CIVRS1209793

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James E. Klinkert  Bar No. 115937      909-390-9999    909-390-9990
Ritchie, Klinkert & McCallion
3281 Guasti, Suite 425
Ontario, CA 91761

DATE: DEC 2 1 2012                    Clerk, by _____, Deputy
*(Fecha)*                             *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  James E. Klinkert
   State Bar No. 115937
2  Paul Gutierrez
   State Bar No. 177606
3  RITCHIE, KLINKERT & McCALLION
   3281 E. Guasti Road, Suite 425
4  Ontario, California 91761
   (909) 390-9999
5
6  Attorneys for Plaintiff
   Omar F. Orellana

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

DEC 21 2012

BY: _____
CESAR R. LERE, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| OMAR ORELLANA,<br><br>  Plaintiff,<br><br>  vs.<br><br>NFI NATIONAL DISTRIBUTION CENTER, and DOES 1-100,<br><br>  Defendants. | CASE NO: CIVRS1209793<br><br>COMPLAINT FOR:<br><br>1. Violation of Fair Employment and Housing Act ("FEHA")<br>2. Wrongful Termination in Violation of Public Policy<br>3. Violation of Family Medical Leave Act and California Family Rights Act |

Plaintiff alleges:

### GENERAL ALLEGATIONS

1. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of San Bernardino, State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant NFI National Distribution Center ("NFI") is, and at all times mentioned herein was, a corporation organized under and existing by virtue of the laws of an unknown jurisdiction and doing business in the County of San Bernardino, State of California.

3. The true names and capacities of Defendants DOES 1 through 100, and each of them, are unknown to Plaintiff who therefore sues such Defendants by such fictitious names. When the true

COMPLAINT

names and capacities of such fictitiously named Defendants are learned, Plaintiff will amend the Complaint accordingly. Plaintiff alleges that each of the Defendants designated herein fictitiously is responsible in some manner for the events and happenings referred to herein, and has caused damage to Plaintiff as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, each of the Defendants was acting as the agent, servant and employee of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of such agency and employment.

5. Defendants are in the business of arranging for and providing the services of expert witnesses for attorneys and insurance companies involved in litigation, and managing the relationship between such attorneys/insurance carriers and the expert witnesses.

6. Plaintiff was hired and employed by Defendants beginning on August 20, 2007.

7. During the period of time from July 1, 2010 through November 17, 2010, Plaintiff was subjected to ongoing harassment from his supervisor, Julio Renteria, who was verbally abusive toward Plaintiff and discriminated against Plaintiff in the assignment of multiple work orders. Plaintiff reported the harassment to Defendant's manager responsible for the actions of Julio Renteria, yet know action was taken to stop the ongoing harassment and abuse.

8. On or about November 17, 2010, Plaintiff sustained a medical emergency while on the job. Plaintiff promptly thereafter asserted a claim for benefits under the Workers Compensation Law. On or around December 12, 2010, Defendant was notified by Plaintiff's counsel that of certain matters related to the claim for benefits under the Workers Compensation Law including the caution that it was unlawful to discriminate against an employee for being injured at work and claiming benefits for such injury.

9. On or about December 8, 2010, Plaintiff provided medical documentation to the human resources director of Defendant and asked for leave under the Family Medical Leave Act.

10. Plaintiff's employment was terminated unilaterally by Defendant on April 11, 2011 without notice to Plaintiff. The ostensible reason for the termination was that the Family Medical Leave Act time had expired. The real reasons were (1) retaliation for Plaintiff's assertion of a claim

COMPLAINT                                - 2 -

for benefits under the Workers Compensation laws, (2) retaliation for Plaintiff's assertion of a claim for leave under the Family Medical Leave Act, (3) discrimination against Plaintiff based on his national origin (El Salvador), which had been the reason for the previous pattern of harassment and abuse, and (4) retaliation against Plaintiff for reporting the pattern of harassment and abuse.

11. On or about November 8, 2011, Plaintiff was informed by Defendant's human resources director that Plaintiff could reapply for open positions but that he could only return to work, but only if he reapplied and had no medical restrictions.

12. On January 15, 2012, Plaintiff applied for employment as a forklift operator (his previous position) as well as a material handler. At a job interview, Plaintiff requested reasonable accommodations for his physical condition. Plaintiff's request for reasonable accommodations was rejected and Plaintiff was not hired by Defendant.

13. The facts and circumstances alleged above were reported to the Department of Fair Employment & Housing in a complaint dated March 27, 2012. On the same date, the Department of Fair Employment & Housing issued a right-to-sue notice.

### FIRST CAUSE OF ACTION
(Violation of Fair Employment and Housing Act ["FEHA"] Against All Defendants)

14. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13 of this Complaint as though such paragraphs were fully set forth herein.

15. At all times herein mentioned, Defendant NFI was an employer subject to the provisions of the California Fair Employment and Housing Act [Government Code §12900 *et seq.*] ("FEHA").

16. The discriminatory and retaliatory conduct of Defendants alleged above constitutes a violation of FEHA.

17. As a result of the Defendants' violation of FEHA, Plaintiff has sustained economic damages in an amount not less than $500,000 according to proof at the time of trial for back pay and front pay (reinstatement of employment not being feasible given the substantial history of discriminatory and retaliatory conduct).

1  18. As a further result of Defendants' violation of FEHA, Plaintiff has suffered shame,
2  mortification, mental suffering, inconvenience, grief, anxiety, emotional distress, hurt feelings,
3  and other non-economic injuries, all to Plaintiff's general damage in an amount in excess of
4  $1,000,000 according to proof at the time of trial.
5  19. The conduct of Defendants was intentional, oppressive and malicious. As a result,
6  Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to
7  proof at the time of trial.

## SECOND CAUSE OF ACTION

(Wrongful Termination of Employment in Violation

of Public Policy Against All Defendants)

11  20. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19 of
12  this Complaint as though such paragraphs were fully set forth herein.
13  21. At all times herein mentioned, there existed in the State of California a public policy
14  against discriminatory and retaliatory conduct in employment and in favor of the reporting of
15  discriminatory and retaliatory conduct and other unlawful practices engaged in by employers
16  ("Public Policy").
17  22. Defendants' discriminatory and retaliatory termination of Plaintiff's employment was
18  wrongful because it violated the Public Policy.
19  23. As a proximate result of the Defendants' conduct and the wrongful termination of
20  Plaintiff's employment, Plaintiff has sustained economic damages in an amount not less than
21  $500,000 according to proof at the time of trial for back pay and front pay (reinstatement of
22  employment not being feasible given the substantial history of discriminatory conduct).
23  24. As a further result of Defendants' conduct and the wrongful termination of Plaintiff's
24  employment, Plaintiff has suffered shame, mortification, mental suffering, inconvenience, grief,
25  anxiety, emotional distress, hurt feelings, and other non-economic injuries, all to Plaintiff's
26  general damage in an amount in excess of $1,000,000 according to proof at the time of trial.
27  //
28  //

COMPLAINT                          - 4 -

25. The conduct of Defendants was intentional, oppressive and malicious. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

(Violation of Family Medical Leave Act and California

Family Rights Act Against All Defendants)

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as though such paragraphs were fully set forth herein.

27. At all relevant times mentioned herein, Defendant was subject to the provisions of the Family Medical Leave Act (29 USC §2601 *et seq.*) ("FMLA") as well as the California Family Rights Act (Government Code §12945.2) ("CFRA").

28. The discriminatory and retaliatory conduct of Defendants alleged above culminating in the wrongful termination of Plaintiff constitutes a violation of the FMLA as well as the CFRA.

29. As a result of the Defendants' violation of the FMLA as well as the CFRA, Plaintiff has sustained economic damages in an amount not less than $500,000 according to proof at the time of trial for back pay and front pay.

30. As a further result of Defendants' violation of the FMLA as well as the CFRA, Plaintiff has suffered shame, mortification, mental suffering, inconvenience, grief, anxiety, emotional distress, hurt feelings, and other non-economic injuries, all to Plaintiff's general damage in an amount in excess of $1,000,000 according to proof at the time of trial.

31. The conduct of Defendants was willful, intentional, oppressive and malicious. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

**AS TO THE FIRST CAUSE OF ACTION**

1. For economic damages in an amount not less than $500,000 to be determined according to proof at the time of trial.

2. For non-economic, general damages in an amount not less than $1,000,000 to be determined according to proof at the time of trial.

3. For an award of exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**AS TO THE SECOND CAUSE OF ACTION**

1. For economic damages in an amount not less than $500,000 to be determined according to proof at the time of trial.

2. For non-economic, general damages in an amount not less than $1,000,000 to be determined according to proof at the time of trial.

3. For an award of exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**AS TO THE THIRD CAUSE OF ACTION**

1. For economic damages in an amount not less than $500,000 to be determined according to proof at the time of trial.

2. For non-economic, general damages in an amount not less than $1,000,000 to be determined according to proof at the time of trial.

3. For an award of exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**AS TO ALL CAUSES OF ACTION**

1. For prejudgment interest on all damages awarded.

2. For costs of suit including reasonable attorneys' fees.

3. For such other and further relief as the Court may deem proper.

Dated: December 21, 2012

RITCHIE, KLINKERT & McCALLION

By: _____
James E. Klinkert
Attorneys for Plaintiff
Omar Orellana

COMPLAINT — 6 —

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730

CASE NO: CIVRS1209793

http://www.sb-court.org
IN RE: OMAR ORELLANA -V- NFI NATIONAL DISTRIBUTION

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
DEC 21 2012
BY_____
CESAR R. LEPE, DEPUTY

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
KEITH D DAVIS
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 03/22/13 at
 8:30 in department R6
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 05/24/13 at  8:30 in
Department R6
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)
                                    Stephen H. Nash, Clerk of the Court
Date: 12/21/12                                       By: CESAR LEPE
                         CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/21/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/21/12 at Rnch Cucamonga, CA  By: CESAR LEPE
notice: NCMCT1 action: cmc

Notice 'NCMCT' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVRS1209793 on 12/21/12:

   RITCHIE KLINKERT & MCCALLION
   3281 GUASTI RD STE 425
   ONTARIO, CA 91761

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James E. Klinkert<br>State Bar No. 115937<br>Ritchie, Klinkert & McCallion<br>3281 Guasti, Suite 425<br>Ontario, CA 91761<br>TELEPHONE NO.: 909-390-9999   FAX NO.: 909-390-9990<br>ATTORNEY FOR *(Name):* Plaintiff Omar Orellana | FILED<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>RANCHO CUCAMONGA DISTRICT<br>DEC 21 2012<br>BY _____<br>CESAR R. LERE, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS: 8303 Haven Avenue
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: Rancho Cucamonga District

CASE NAME: ORELLANA v. NFI NATIONAL DISTRIBUTION CENTER

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVRS1209793 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 21, 2012

James E. Klinkert
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

OMAR ORELLANA

vs.

NFI NATIONAL DISTRIBUTION CENTER, and DOES 1-100,

Case No. CIVRS1209793

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the <u>Rancho Cucamonga</u> District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General   [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other <u>Employment</u> | <u>Defendant is located within the district</u> |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

<u>Location of Defendant</u>                         <u>15913 Mountain Ave.</u>
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)        ADDRESS

<u>Chino</u>                    <u>CA</u>                <u>91708</u>
(CITY)                    (STATE)              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

<u>December 21, 2012</u>   at <u>Ontario</u>                         , California

Signature of Attorney/Party
James E. Klinkert

13-16503-360 Rev. 10/94                                                    SB-16503